Christopher Swigert COMBS, an Infant under 14 years of age, et al., Appellants,

v.

Sydney Sayre CAREY'S TRUSTEE (Security Trust Co.) et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1955.

Rehearing Denied March 16, 1956.

Thomas P. Bell, Lexington (Guardian ad litem for appellants), Frank S. Ginocchio, Lexington, for appellants.

Harbison, Kessinger, Lisle & Bush, Lexington, for Security Trust Co., attorneys for Security Trust Co., trustee under deed of trust from Sydney Sayre Carey.

W. V. Alford, Lexington, for Sydney Sayre Combs.

Gess, Mattingly, Saunier & Atchison, Lexington, for Clara Bell Walsh.

WADDILL, Commissioner.

This action was brought to obtain a declaration of the powers and duties of the trustee under a deed of trust executed by Mrs. Sydney Sayre Carey.

Mrs. Carey executed the deed of trust in 1935, naming the, appellee, Security Trust Company, trustee. She placed securities valued at $391,000 in the trust, including three notes previously executed by her daughter, Clara Bell Walsh, to H. W. Heidenrich, secured by certain property owned by Mrs. Walsh.

Under the terms of the trust the settlor received the income for life. Upon the settlor's death, the trustee was directed to pay the entire net income from the trust estate to the settlor's daugher, Mrs. Walsh, for life. The trustee was also empowered to invade the corpus for her benefit. Mrs. Walsh was given a testamentary power of appointment to dispose of the corpus, and in the event that she failed to exercise the power, the trust was to continue with the net income being paid to the settlor's great nephew, Sydney Sayre Combs. Upon his death the income was directed to be paid to his issue for 21 years, and at the end of this period the trustee was to distribute the corpus to the issue of Sydney Sayre Combs.

During the fourteen years following the settlor's death, which occurred in 1940, the net income from the trust, and a substantial portion of the corpus of the trust were paid to Mrs. Walsh by the trustee. In September, 1954, the corpus of the trust consisted of three notes of Mrs. Walsh, valued at $110,000 and $2,234.59 in uninvested cash. In view of the fact that Mrs. Walsh was no longer receiving any income from the trust, she requested the trustee pay over the three notes to her and release the lien on her property in order that the property could be utilized to meet her current expenses. The trustee has indicated its willingness to comply with Mrs. Walsh's request, but has sought a judicial declaration of its authority under the terms of the deed of trust.

The terms of the trust which define the trustee's authority to invade the corpus for the benefit of Mrs. Walsh are very broad. Paragraph (c) of the Deed of Trust provides:

"Upon the death of the Donor, the trustee shall disburse the entire net income from the trust estate to the Donor's daughter, Clara Bell Walsh, if she be then living, during the then remaining period of her natural life. In the event that the net income from the trust estate, together with such other income as Donor's daughter may have, shall not at all times be sufficient for the proper maintenance, support, comfort and welfare of Donor's daughter, Clara Bell Walsh, and especially should any emergency arise requiring surgical or medical treatment, nursing, travel or other unusual expense, the Donor directs the trustee, in addition to disbursing the income to Donor's daughter, to expend such part of the corpus of the trust estate as the trustee may deem necessary or proper for the comfort, welfare and happiness of Donor's said daughter at any and all times, even if it should require the entire corpus of the trust estate. But the trustee's discretion is to control and the exercise thereof in any reasonable and proper manner is not to be subject to question by anyone in any way. * * *."

The trial court held that under this instrument the trustee was empowered to expend the corpus for the comfort, welfare

and happiness of Mrs. Walsh, and therefore the trustee was authorized to deliver the three notes remaining in the trust to Mrs. Walsh and release the lien upon the property securing them. From this judgment the guardian ad litem for the infant children of Sydney Sayre Combs has prosecuted this appeal.

The evidence shows that Mrs. Walsh is a widow and has no children. She is now over seventy years old, and for many years has maintained an extremely high standard of living. She presently resides in the Plaza Hotel in New York City and maintains a chauffeur and several maids. She travels much and entertains extensively. It was shown that during the settlor's life she countenanced her daughter's lavish and imprudent manner of living, and the broad terms of the trust clearly indicate her intention that it continue.

The trustee's authority to invade the corpus is defined by the terms "comfort, welfare and happiness." These are very broad terms and indicate the extent of discretion given to the trustee. In O'Bryan v. England, 173 Ky. 12, 189 S.W. 1126, 1129, the trustee was authorized to invade the corpus whenever he deemed it necessary for the " 'support and maintenance' " of the beneficiary. The trust further provided that the beneficiary's receipt should be a "full acquittance and discharge for any such payment." We said in that case that "It would be difficult to frame in any language a more absolute and unrestrained power and authority" in a trustee. The trustee's authority in the instant case is much broader. All that is necessary to authorize an invasion of the corpus is that Mrs. Walsh convince the trustee that such an invasion is necessary to her "happiness." See, Commissioner of Internal Revenue v. Merchants National Bank of Boston, 1 Cir., 132 F.2d 483. While the language used in the trust instrument may not have created a prudent standard to guide the trustee in the administration of the trust, yet it is the standard chosen by the settlor, and the one followed by the trustee.

We therefore agree with the trial court that the powers of the trustee are plenary,

and where such broad powers exist the court will not restrict the trustee in the exercise of his discretion unless it appears that he is guilty of bad faith or is acting in an arbitrary manner. 3 Bogert, Trusts and Trustees, Section 560, p. 478. Under the facts and circumstances of this case, the court cannot say that the delivery of the notes to Mrs. Walsh would constitute an abuse of discretion on the part of the trustee.

In view of the conclusion we have reached, other phases of the case do not require further discussion.

Judgment affirmed.